IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIE A. VIGIL,

        Plaintiff,

  vs.                                              CIVIL NO. 01-649 LH/LFG

PUBLIC SERVICE COMPANY
OF NEW MEXICO and LEX SMUTS,

        Defendants.

## **MEMORANDUM OPINION AND ORDER**
## **GRANTING MOTION FOR RULE 35 EXAMINATION**

THIS MATTER is before the Court on Defendants' Motion for Order Allowing Psychological Examination of Plaintiff Pursuant to Rule 35 [Doc. 28]. Plaintiff, Willie A. Vigil ("Vigil"), opposes the motion. The Court considered the motion, response and reply, which were simultaneously filed on December 5, 2001, and determines that oral argument is not necessary.

### **Background**

The parties' Initial Pretrial Report states:

> Plaintiff, a union member, claims wrongful (retaliatory) discharge, civil conspiracy, tortious interference with contractual relations and intentional infliction of emotional distress, as well as compensatory and punitive damages in connection with his termination from Defendant, PNM. Plaintiff was a member of the International Brotherhood of Electrical Workers Union during the relevant periods and at the time of his termination.

Vigil claims damages from Defendants for, *inter alia*, emotional distress and psychological injury as a result of Defendants' conduct. Indeed, in Vigil's portion of the Initial Pretrial Report (IPTR, p. 11, ¶ 20) he states that he will present the testimony of:

>Unidentified medical personnel at UNM Hospital and Drs. LuAnn
>Wosick and Dr. Lurae Woody, at Ortiz Mountain Health Center,
>Cerrillos, New Mexico who have treated Mr. Vigil for medical or
>psychological problems following is termination from PNM.

So as to prepare to meet the proofs at trial, Defendants seek to take an independent Rule 35 psychological evaluation. Vigil opposes the request.

**Analysis**

Rule 35 provides that the court may order a party to submit to a psychological examination by the opposing side's expert witness if the party's "mental . . . condition . . . is in controversy" and there is "good cause shown" for the examination.

The Court recognizes that a psychological evaluation is intrusive, and, thus, should not routinely be authorized. Indeed, in Thiessen v. General Electric Capital Corp., 178 F.R.D. 568, 570 (D. Kan. 1998), the court stated that when a plaintiff makes a "garden variety" emotional distress claim which amounts to no more than an attempt to recover for generalized insult, hurt feelings and lingering resentment, a plaintiff's mental condition is not sufficiently in controversy to justify a Rule 35 examination. On the other hand, when a plaintiff makes a particular claim for emotional injury, or asserts a "more particularized mental or emotional injury," the claimed condition is in controversy and the defendant is entitled to conduct its own examination and evaluation of the claim. Id.; *see also* Schlagenhauf v. Holder, 379 U.S. 104, 85 S. Ct. 234 (1964).

Such is the case here. The claim advanced by Vigil goes beyond "garden variety" emotional distress. Indeed, the claim as originally pled and amended contains a separate tort for intentional infliction of emotional distress, and Vigil has given notice that he intends to present expert testimony in support of his claims. In light of these allegations, the Court takes guidance from Fox v. Gates

Corp., 179 F.R.D. 303 (D. Colo. 1998). In Fox, the court stated:

> The majority of courts . . . will not require a plaintiff to submit to a medical examination unless, in addition to a claim for emotional distress damages, one or more of the following factors is also present: (1) plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) plaintiff has alleged a specific mental or psychiatric injury or disorder; (3) plaintiff has claimed unusually severe emotional distress; (4) plaintiff has offered expert testimony in support of her claim for emotional distress damages; and (5) plaintiff concedes that her mental condition is "in controversy" . . . [cites omitted].

Vigil concedes that the lawsuit as filed sought a separate tort claim for intentional infliction of emotional distress, and he has designated individuals initially described as doctors, to present expert testimony. In Vigil's present response, he contends that the intentional infliction of emotional injury claim as it currently exists is not as broad as initially pled. Vigil further argues that the previously designated experts may not be doctors, but therapists, nurse practitioners or physician's assistants. Vigil also argues that he has not determined whether these healthcare providers will be called as fact witnesses or for purposes of offering opinion testimony, and, therefore Defendants do not have need to present testimony of an expert "of the magnitude proposed by Defendants." (Response in opposition, p. 6).

Finally, Vigil argues that the Court should not consider the motion, as it is untimely.

The Court rejects Vigil's arguments. It is undisputed that Vigil seeks to recover for emotional or psychological injuries. Indeed, his original complaint states:

> As a direct and proximate result of defendant's wrongful discharge of him, plaintiff has been injured and is entitled to compensatory damages for . . . emotional suffering and injury, loss of enjoyment of life . . . damages from the stigma of having to report to others that he had been terminated . . . . (Complaint, ¶ 12); *see also* ¶ 17, 22).

* * *

> Defendant's conduct in terminating plaintiff under the circumstances set forth above was intentional, extreme and outrageous, and resulted in severe emotional distress to plaintiff . . . . (Complaint, ¶ 25).

Vigil's request to amend his complaint was granted [exhibit 57], and in his amended complaint, he states:

> [P]laintiff has been injured and is entitled to compensatory damages for . . . emotional suffering and injury, loss of enjoyment of life . . . damages to his reputation and damages for the stigma of having to report to others that he had been terminated . . . (Amended Complaint, ¶; *see also* ¶¶ 19, 23).

> Defendants' conduct . . . was intentional, extreme and outrageous and resulted in severe emotional distress to plaintiff . . . . (Amended Complaint, ¶ 27).

Under such circumstances, Vigil should not have opposed the motion, but should have conceded that his emotional condition was at issue. It is patently unfair to allow Vigil to plead a claim and, thereafter, deny Defendants an opportunity to challenge the legitimacy of the claim. Vigil may not seek substantial damages and then refuse opposing party an opportunity to investigate the claim. That approach is inconsistent with the liberality to be afforded discovery requests under the federal rules, and is contrary to the law outlined in the many cases provided to Vigil by Defendants.

The federal discovery rules are designed in part to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." United States v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S. Ct. 983, 986-87 (1958)(*citing* Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 388 (1947)). The intent of this principle is to allow the parties to know as much as they can about each other's claims and defenses prior to trial

so as to better evaluate the case for settlement or, alternatively, to be prepared to meet the proofs at the time of trial. Smith v. Ford Motor Co., 626 F.2d 784 (10th Cir. 1980).

Vigil argues that Defendants' request is premature as he has not yet decided, for certain, whether he will proceed on a specific emotional injury claim, and, further, that his experts are not really experts at all, but fact witnesses. The Court rejects those arguments. It would be unfair to deny the Defendants an opportunity to discover the facts relevant to this case by delaying a Rule 35 examination until somewhere down the road when Vigil ultimately decides whether to use experts and whether to proceed with or drop a claim for intentional infliction of emotional distress.

Vigil's claims come well within the exceptions noted by Fox v. Gates Corp., *supra*. He has asserted a specific cause of action for intentional infliction of emotional distress. That claim alone justifies a Rule 35 examination. *See also* Pugach v. New Mexico, No. CIV 99-559 JP/LFG, slip. op.,"Memorandum Opinion and Order Granting Motion for Order Requiring Mental Examination" (D.N.M. Dec. 22, 1999), and Dubois v. Continental Divide Elect. Coop., Inc., No. CIV 00-468 LH/LFG, slip op., "Order on for Rule 35 Examination" (D.N.M. Oct. 11, 2000).

This case involves more than a "garden variety" generalized insult, hurt feelings or lingering resentment. Indeed, Vigil's own complaint belies that assertion. Vigil pled a separate tort directed at emotional or psychological injury and also gave notice that he intends to present the services of experts to assist him in the prosecution of the claim.

The Court also rejects Vigil's contention that this motion is untimely. The deadline for filing discovery motion packages is January 16, 2002, and this motion was filed well in advance of that deadline. Vigil argues, however, that Defendants were required to submit their expert reports by November 13, 2001. While that assertion is true, it stands to reason that Defendants cannot submit

an expert report until the evaluation is complete, and the evaluation has not been undertaken because of Vigil's opposition.

If necessary, the Court can adjust the expert deadlines in this case, noting that there is no trial setting, and no one as yet claims to be disadvantaged as a result of any extension.

Accordingly, the Court finds good cause for the grant of the motion under Rule 35, and orders that Vigil submit to an independent psychological examination with Defendants' proposed expert Dr. Samuel Roll. The proposed examination consists of two and one-half days required for testing and examination.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge